IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JANET L. COWELL                                                                                    PLAINTIFF

      v.                              CIVIL NO. 2:15-cv-2182-MEF-PKH

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                             DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Janet Cowell ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. This matter is presently before the undersigned for report and recommendation.

The Commissioner filed an answer to Plaintiff's action on February 16, 2016, asserting that the findings of the Commissioner were supported by substantial evidence and were conclusive. ECF No. 8. On May 18, 2016, having changed positions, the Commissioner filed an unopposed motion requesting that Plaintiff's case be remanded pursuant to "sentence four" of section 405(g) in order to conduct further administrative proceedings. ECF Nos. 11.

The exclusive methods by which a district court may remand a social security case to the Commissioner are set forth in "sentence four" and "sentence six" of 42 U.S.C. § 405(g). A remand pursuant to "sentence six" is limited to two situations: where the Commissioner requests a remand before answering the complaint, or where the court orders the Commissioner to consider new, material evidence that was for good cause not presented before the agency. The Fourth sentence of the statute provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of

Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Shalala v. Schaefer,* 509 U.S. 292, 296 (1993).

Here, we find remand is appropriate to allow the ALJ to further evaluate the evidence as addressed above. Therefore, we recommend granting the Commissioner's motion to remand and remanding the case to the Commissioner for further administrative action pursuant to "sentence four" of section 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 20th day of May, 2016.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE