IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JANET L. COWELL                                                    PLAINTIFF

            v.                          CIVIL NO. 2:15-cv-2182-PKH

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). ECF No. 17, 18. The Defendant filed a response objecting to the hourly rate requested for work performed in 2016. ECF No. 19. The matter is now ripe for resolution.

On July 6, 2016, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA") requesting $5,629.95 representing a total of 5.85 attorney hours for work performed in 2015 at an hourly rate of $187.00 and 24.00 attorney hours for work performed in 2016 at an hourly rate of $189.00. ECF No. 17-1. On July 20, 2016, the Defendant filed a response requesting that the hourly rate awarded for attorney hours performed in 2016 be reduced to $188.00. ECF No. 19.

The Court finds that the Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the government's decision to deny benefits was not "substantially justified," and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees

of more than $75.00 an hour); and *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). However, the Court agrees that the hourly rate requested for 2016 is excessive and should be reduced to $188.00, for a total EAJA award in the amount of $5,605.95.

Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010), the EAJA fee award should be made payable to Plaintiff. However, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

IV.  **Conclusion:**

Based upon the foregoing, Plaintiff is awarded the sum of **$5,605.95** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 17th day of January, 2017.

*/s/ P. K. Holmes III*

P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE